UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  CASE NO.

**RUBY MAE JOHNSON**  **08-12284**
  SECTION A
DEBTOR  CHAPTER 7

## REASONS FOR DECISION

On April 23, 2009, the Court heard the Objection to Homestead Exemption[1] filed by GTE Federal Credit Union ("GTE") and the Response[2] filed by the debtor, Ruby Mae Johnson ("Debtor"). Debtor claims a Louisiana homestead exemption on the property at 4550 Congress Drive, New Orleans, Louisiana ("Congress"). The Court ruled in open court on April 23, 2009, that Debtor lived on Congress on the date she filed her bankruptcy petition. The Court took under advisement the issue of whether Debtor is entitled to a homestead exemption on a property co-owned with both her children and the child of her deceased spouse, and if so, whether the subsequent requalification for a homestead exemption could prime a judicial mortgage. Both parties submitted post-trial briefs.[3]

**I. Is Debtor Entitled to a Homestead Exemption?**

Debtor owned Congress with her husband, and upon his death, she became full owner of half of Congress and usufructuary of the other half, which descended to the two children of her marriage with her husband and to her husband's child from a previous relationship.[4] Louisiana's Constitution provides:

---

[1] Pleading 42.

[2] Pleading 45.

[3] Pleadings 65 and 66.

[4] Pleading 42, Exhibit E, "Judgment of Possession" dated March 20, 2008.

> The homestead exemption shall extend and apply fully to the surviving spouse ... when the homestead is occupied by the surviving spouse ... and title to it is in the name of ... (b) the surviving spouse as usufructuary, ... but not to more than one homestead owned by either husband or wife, or both.[5]

The relevant statute also provides that a homestead exemption shall extend to the surviving spouse of a deceased owner when the homestead is occupied by the spouse and title is in her name as usufructuary.[6] Louisiana jurisprudence supports this analysis.

In *Adams v. McCoy*,[7] the children of decedent's previous marriage inherited her half of the property and the surviving spouse owned the other half of the property. The court allowed the surviving spouse to claim the homestead exemption and stated:

> [A]lthough ordinarily a party owning an undivided interest in land could not claim the homestead exemption, the benefit of the homestead might be claimed by the surviving spouse of a deceased beneficiary, by special direction of the Constitution.[8]

Therefore, a plain reading of both the Louisiana Constitution, Civil Code, and case law provides that Debtor may claim a homestead exemption.

**II. Is Debtor's Right to a Homestead Exemption Primed by GTE?**

GTE's judicial mortgage attached to Congress in 2002. After Congress was damaged on August 29, 2005 due to Hurricane Katriana, Debtor moved to Laplace, Louisiana ("Laplace house"). Debtor claimed a homestead exemption for property tax purposes on the Laplace house in 2007 and 2008. Debtor repaired Congress after her husband's death and moved back prior to filing her bankruptcy petition on September 25, 2008. She now claims a homestead exemption on Congress.

---

[5] LSA-Const. Art. 7 § 20(A)(2).

[6] LSA-R.S. 20:1(B) (emphasis added).

[7] *Adams v. McCoy*, 140 La. 26, 72 So. 797 (La. 1916).

[8] *Id.* at 798.

GTE avers that Debtor should be denied a homestead exemption on Congress because GTE held a judicial mortgage on Congress before Debtor re-established her domicile in the property.

> [P]rivileges, mortgages, and real rights attached to property cannot be disturbed or affected by homestead rights which do not exist at the moment when they attach.[9]

When GTE's judicial mortgage attached to Congress in 2002, Debtor was residing in the property and was entitled to the benefits of a homestead exemption. Debtor lost her homestead exemption on Congress when she moved to the Laplace house and applied for homestead relief in 2007 and 2008.[10] Therefore, in 2007 and 2008, GTE's judicial mortgage encumbered Congress free of any exemption right. GTE argues that Debtor's return to Congress cannot impair GTE's judicial mortgage because it attached to the property when no homestead exemption existed.

In *Seal v. Sam*,[11] a judgment was recorded while the debtor resided in the property. When the debtor sold the property to a third person, the recorded judgment followed free of the homestead exemption. Later, the debtor re-acquired the property and claimed an exemption. The court held that the debtor's re-acquisition of the property was subject to the judicial mortgage.

---

[9] *Williams v. Continental Bank & Trust Co.*, 173 La. 353, 355, 137 So. 59, 60 (La. 1931).

[10] Had Debtor not claimed a homestead exemption on the Laplace house, her homestead exemption on Congress would have continued even though she was not living there. LSA-Const. Art. 7 § 20(A)(10) provides:

> Any homestead receiving the homestead exemption that is damaged or destroyed during a disaster or emergency declared by the governor whose owner is unable to occupy the homestead on or before December thirty-first of a calendar year due to such damage or destruction shall be entitled to claim and keep the exemption by filing an annual affidavit of intent to return and reoccupy the homestead within five years from December thirty-first of the year following the disaster with the assessor of the parish or district where such homestead is situated prior to December thirty-first of the year in which the exemption is claimed. In no event shall more than one homestead exemption extend or apply to any person in this state.

[11] *Seal v. Sam*, 131 La. 919, 60 So. 616 (La. 1913).

In *Gilmer v. O'Neal*,[12] the debtor mortgaged property in which he did not reside. The debtor later occupied the property and claimed a homestead exemption against the mortgage. The court held that the debtor "could not alter, diminish and *pro tanto*, destroy the effect of the mortgage by subsequently moving on the property and claiming the *ex post facto* homestead."

Upon consideration of these cases, the Court finds that Debtor lost her homestead exemption on Congress by claiming an exemption on the Laplace house. At that moment, GTE's judicial mortgage attached to Congress free of any homestead exemption. Now that Debtor again resides on Congress, her homestead exemption is subject to and primed by GTE's judicial mortgage.

### III. Conclusion

Debtor is entitled to a homestead exemption on Congress; however, it is subject to and primed by GTE's judicial mortgage. The Court will enter a separate Order in accordance with these Reasons.

New Orleans, Louisiana, May 14, 2009.

Hon. Elizabeth W. Magner
U.S. Bankruptcy Judge

---

[12] *Gilmer v. O'Neal*, 32 La.Ann. 979, 1880 WL 8514, *4 (La. 1880).